1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANGELO FERGUSON,

Plaintiff

v.

HDSP MEDICAL ISSUES,

Defendant

Case No.  2:20-cv-02339-APG-VCF

**ORDER**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner.  On December 29, 2020, Magistrate Judge Ferenbach ordered plaintiff Angelo Ferguson to file a signed amended complaint and a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402 on or before March 1, 2021.  ECF No. 3 at 3.  Following Judge Ferenbach's order, Ferguson filed a supplement (ECF No. 4), an incomplete application to proceed *in forma pauperis* (ECF No. 5), a motion for miscellaneous relief (ECF No. 9), a petition for writ of habeas corpus (ECF No. 11), and another unsigned complaint (ECF No. 12) together with a second incomplete IFP (ECF No. 12-1) and a notice of motion (ECF No. 12-2).  The March 1, 2021 deadline has now expired, and Ferguson has not filed a signed amended complaint, a fully complete application to proceed *in forma pauperis* or paid the full $402 filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal

1    for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

2    (affirming dismissal for lack of prosecution and failure to comply with local rules).

3          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

4    order, or failure to comply with local rules, the court must consider several factors: (1) the public's

5    interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

6    risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

7    merits; and (5) the availability of less drastic alternatives.  *See Thompson*, 782 F.2d at 831;

8    *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*,

9    46 F.3d at 53.

10          Here, the Court finds that the first two factors, the public's interest in expeditiously

11   resolving this litigation and the Court's interest in managing the docket, weigh in favor of

12   dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal,

13   since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

14   ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th

15   Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is

16   greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning

17   to a party that his failure to obey the court's order will result in dismissal satisfies the

18   "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-

19   33; *Henderson*, 779 F.2d at 1424.  Judge Ferenbach's order expressly stated:  "IT IS FURTHER

20   ORDERED that, if Plaintiff does not file a signed amended complaint on or before March 1, 2021,

21   this case will be subject to dismissal <u>without prejudice</u> for Plaintiff to refile the case with the Court,

22   under a new case number, when Plaintiff is able to file a signed amended complaint."  Further,

23   Judge Ferenbach's order stated:  "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully

24   complete application to proceed *in forma pauperis* with all three documents or pay the full $402

25   filing fee for a civil action on or before March 1, 2021, this case will be subject to dismissal <u>without</u>

26   <u>prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff

27   has all three documents needed to file a complete application to proceed *in forma pauperis* or pays

28   the full $402 filing fee."  ECF No. 3 at 3.  Thus, Ferguson had adequate warning that dismissal

1  would result from his noncompliance with Judge Ferenbach's order.

2  I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff

3  Angelo Ferguson's failure to file a signed amended complaint and a fully complete application to

4  proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this court's order

5  dated December 29, 2020.

6  I FURTHER ORDER that the Clerk of Court will close the case and enter judgment

7  accordingly.

8  DATED:   March 15, 2021

9

10  ANDREW P. GORDON
   UNITED STATES DISTRICT JUDGE